UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY DANIELS,

          Petitioner,

                                              CASE NO. 04-CV-72278-DT
v.                                        HONORABLE DENISE PAGE HOOD

DOUG VASBINDER,

          Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING MOTION FOR PERSONAL BOND**

**I.      Introduction**

Randy Daniels ("Petitioner"), an inmate currently confined at the Robert G. Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his aggravated stalking conviction which was imposed following a bench trial in the Wayne County Circuit Court in 2001. Petitioner was sentenced as a fourth habitual offender to 46 months to 15 years imprisonment on that conviction. Petitioner has also filed a motion for personal bond.

In his pleadings, Petitioner raises three prosecutorial misconduct claims. For the reasons stated below, the Court denies the petition for writ of habeas corpus and denies Petitioner's motion for bond.

**II.     Facts**

Petitioner's aggravated stalking conviction stems from his actions towards his former girlfriend, Linda Myers, at her home and workplace in the summer of 2001. At trial, Myers testified

that Petitioner engaged in a pattern of harassing and threatening behavior following the end of their romantic relationship. Specifically, Myers testified that Petitioner telephoned her and made appearances at her workplace threatening to kill her and destroy her in June, 2001, assaulted her at her workplace and damaged her car on June 26, 2001, broke her car window on July 5, 2001, and fired a gun at her on July 6, 2001. Myers testified that she reported the incidents to police and obtained a personal protection order after the June 26, 2001 incident.      Barbara Ross, Juanita Mitchell, and Latisha Peoples, Myers' daughter, gave corroborating testimony. Barbara Ross testified about the July 6, 2001 shooting and stated that she took Myers to the police station to make a report. Juanita Mitchell described various instances when Petitioner came to Myers' workplace and was disruptive. Latisha Peoples testified that she observed Petitioner break Myers' patio window on July 5, 2001 and that she reported the incident to police.

Police Officer Samuel Taylor testified about the circumstances surrounding the domestic violence report involving Petitioner and Myers which he filed on July 6, 2001. He also noted that Myers told him about other incidents involving Petitioner.

The parties stipulated that Petitioner had two prior stalking convictions with dates noted as January 10, 1997 and March 16, 1998.

Petitioner did not testify at trial, but presented an alibi defense through the testimony of Eunice Varner, his girlfriend at the time of trial. Varner testified that Petitioner was not in Detroit on the morning of July 6, 2001 because he was with her in Chicago, Illinois from July 3, 2001 until sometime after 3:00 p.m. on July 6, 2001. Varner stated that they stayed in a hotel but paid cash for their expenses such that she could not produce receipts or documentation of the trip. Varner admitted that she did not mention this trip when initially interviewed by the police.

At the close of testimony, the trial court found Petitioner guilty of aggravated stalking and

domestic violence, but acquitted him of assault with intent to murder and possession of a firearm during the commission of a felony. The trial court subsequently sentenced him to 46 months to 15 years imprisonment on the stalking conviction with 105 days credit and to time served on the domestic violence conviction.

### III.   <u>Procedural History</u>

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals seeking a correction on his presentence report to reflect that he had four prior felony convictions and four prior misdemeanor convictions. The Michigan Court of Appeals remanded the case to the trial court for the "ministerial task" of correcting the report, but otherwise affirmed Petitioner's convictions and sentences. *People v. Daniels*, No. 240744, 2003 WL 21921152 (Mich. Ct. App. Aug. 12, 2003) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court challenging the accuracy of the presentence report indicating that he had two prior aggravated stalking convictions and the admission of photographs of the victim's car. The Michigan Supreme Court denied leave to appeal. *People v. Daniels*, 469 Mich. 1001, 675 N.W.2d 591 (2004).

Petitioner thereafter filed the present petition for writ of habeas corpus asserting the following claims: (1) the prosecutor engaged in misconduct by allowing Linda Myers to falsely testify that a police report was made on June 26, 2001; (2) the prosecutor engaged in misconduct by allowing Latisha Peoples to falsely testify that a police report was made on July 5, 2001; and (3) the prosecution inaccurately claimed that Petitioner had two prior aggravated stalking convictions when he only had one such prior conviction. Respondent has filed an answer to the petition contending that the claims should be denied as unexhausted and/or for lack of merit. Petitioner has since filed a motion for personal bond.

3

**IV.**   **Analysis**

A.   Exhaustion of State Remedies

As an initial matter, Respondent contends that the petition should be dismissed because Petitioner has failed to properly exhaust his state court remedies as to his habeas claims.  T h e doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845.  This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before raising them in a federal habeas petition.  *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner did not raise his first and second habeas claims in the Michigan appellate courts and raised his third habeas claim only in the Michigan Supreme Court.  Consequently, his claims are unexhausted for purposes of federal habeas review.  *See O'Sullivan*, 526 U.S. at 845; *Castille v. Peoples*, 489 U.S. 346, 350-51 (1989) (petitioner does not "fairly present" a claim to the state courts when he only raises the claim before a court which grants review for "special and important" reasons).  Even though Petitioner's habeas claims are unexhausted, however, the claims have no merit such that the interests of comity and federalism are better served by addressing Petitioner's claims rather than dismissing the petition for the failure to exhaust state remedies.  *See Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir.1999); *see also* 28 U.S.C. § 2254(b)(2) (authorizing courts to deny a habeas petition on its merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").  The Court, therefore, will proceed to address the merits of Petitioner's claims.

B.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

codified at 28 U.S.C. § 2241 *et seq*., govern this case because Petitioner filed his habeas petition

after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA

provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable
>        application of, clearly established Federal law, as determined by the
>        Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination
>        of the facts in light of the evidence presented in the State court
>        proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that

contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts

that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless

arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)

(per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535

U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal

habeas court to 'grant the writ if the state court identifies the correct governing legal principle from

[the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."

*Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535

U.S. at 694.  "In order for a federal court find a state court's application of [Supreme Court]

5

precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

A federal court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

Because the Michigan appellate courts did not address whether the alleged errors constituted a denial of Petitioner's federal rights, this Court must conduct an independent review of the state court's decision. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* This

independent review "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

      C.     <u>Prosecutorial Misconduct Claims</u>

Petitioner asserts that he is entitled to habeas relief because the prosecutor allowed two witnesses to testify falsely about the filing of police reports and because the prosecutor inaccurately stated that Petitioner had two prior aggravated stalking convictions.

            1.     <u>Alleged Presentation of Perjured Testimony</u>

To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *See Coe v. Bell,* 161 F.3d 320, 343 (6th Cir. 1998) (citing *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989)). The burden is on the defendant to show that the testimony was actually perjured. *Id.* Furthermore, the knowing use of false or perjured testimony constitutes a denial of due process only "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976); *Coe,* 161 F.3d at 343. This standard is equivalent to the *Chapman v. California*, 386 U.S. 18, 24 (1967), "harmless beyond a reasonable doubt" standard. *See United States v. Bagley*, 473 U.S. 667, 679, n. 9 (1985).

In this case, Petitioner has failed to establish that the prosecution knowingly presented false testimony. Specifically, Petitioner has failed to allege any facts to establish that Myers or Peoples falsely testified that police reports were made concerning the June 26, 2001 and July 5, 2001 incidents. The fact that the prosecution did not present those police reports or that Petitioner was not charged with additional crimes arising from such incidents does not establish that the witnesses'

testimony was false.  Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not warrant habeas relief).  Additionally, given the other testimony and evidence at trial, there is no reasonable likelihood that the allegedly false testimony affected the trial court's judgment.  Because Petitioner has failed to substantiate his allegations, he is not entitled to habeas relief on these claims.

### 2.   Two Prior Convictions

The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction."  *Berger v. United States*, 295 U.S. 78, 88 (1935).  To prevail on a prosecutorial misconduct claim, a habeas petitioner must demonstrate that the prosecutor's remarks or conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights.  *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases).  First, the court must determine whether the challenged statements were indeed improper.  *Id.* at 452.  Upon a finding of impropriety, the court must decide whether the statements were flagrant.  *Id.*  Flagrancy is determined by an examination of four factors:  1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused.  *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)).  "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent

8

that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

In this case, Petitioner has not shown that the prosecutor erred in admitting Petitioner's two prior aggravated stalking convictions. Defense counsel stipulated to their admission at trial. The fact that Petitioner may have received probation or completed his sentence for a conviction does not negate the existence of the conviction. Moreover, even if the prosecutor erred, Petitioner has not shown that any error was so flagrant as to deprive him of a fair trial. Given the evidence presented, including the victim and witness testimony, it cannot be said that the prosecutor's conduct rendered Petitioner's trial fundamentally unfair. The evidence was more than sufficient to convict Petitioner of aggravated stalking and the admission of the prior convictions was not required to support his present conviction for aggravated stalking. *See* Mich. Comp. L. § 750.411i (enumerating factors which justify an aggravated stalking conviction). Habeas relief is not warranted on this claim.

V.    **Conclusion**

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. Given this determination, Petitioner's motion for personal bond is also **DENIED**.


s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:  November 30, 2005

      I hereby certify that a copy of the foregoing document was served upon counsel of record and Randy Daniels, #202338, 3510 N. Elm Rd., Jackson, Michigan 49201 on November 30, 2005, by electronic and/or ordinary mail.

                                      s/William F. Lewis
                                      Case Manager